IN THE UNITED STATES DISTRCT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number 3:18cv204
(To be supplied by the Clerk
U.S. District Court)

F I L E D
MAR 28 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Please fill out this complaint form completely. The court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly of type.

I. **PARTIES**

A. Plaintiff:
1. (a). Benjamin Downey   (b). 1096008
       (Name)                 (Inmate number)
   (c). 31360 Deerfield Dr.
       (Address)
       Capron, VA 23829

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the /clerk informed of such change, this action may be dismissed.

B. Defendant (s):

Plaintiff is advised that only persons acting under color of state law are proper defendants under section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under section 1983. In addition, liabilities under section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens and sheriffs are not liable under section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if the were personally involved in the alleged deprivation.

1. (a) JAMES PARKS       (b) Interim Manager Court and Legal/Services
       (Name)                (Title/job description)
   (c) P.O. Box 26963
       (Address)
       Richmond VA 23261



2.  (a) <u>Adrian Bennett</u>         (b) <u>Chairwoman, VA Parole Board</u>
        (Name)                          (Title/job description)

    (c) <u>6900 Atmore Dr.</u>
        (Address)
        <u>Richmond, VA 23225</u>

3.  (a) _____    (b) _____
        (Name)                          (Title/job description)

    (c) _____
        (Address)
        _____

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

Plaintiff MUST provide and address for defendant (s) in order for the court to serve the complaint. If plaintiff does not provide and address for a defendant, that person may be dismissed as a party to this action.

In addition, plaintiff MUST provide a copy of the completed complaint and any attachments for EACH defendant named.

## II. PREVIOUS LAWSUITS

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [X]   No [ ]

B. If your answer to A is YES: You must describe any lawsuit, whether currently pending or closed, in the space below. [If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.]

1.  Parties to previous lawsuit:
    Plaintiff(s) <u>Benjamin Downey</u>

    Defendant(s) <u>Helen Fahey, Gene Johnson, Mark Warner</u>
    <u>James Sisk</u>

2. Court [if federal court, name the district; if state court, name the county]: U.S. District Court, Eastern District of VA

3. Date lawsuit filed: 2005

4. Docket number: 3:05cv546

5. Name of Judge to whom case was assigned: _____

6. Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]: Dismissed

### III  GRIEVANCE PROCEDURE

A. At what institution did the event concerning your current complaint take place? Southhampton Receiving Center & Greensville Corr.

B. Does the institution listed in A have a grievance procedure?

   Yes [x]     No [ ]

C. If your answer to B is YES:

   1. Did you file a grievance based on this complaint?

      Yes [x]     No [ ]

   2. If so, where and when: Southhampton Receiving, 1988

   3. What was the result? I was told that issues of classification are not grievable, but a legal matter.

   4. Did you appeal? Yes [x]     No [ ]

   5. Result of appeal: same response

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [ ]     No [ ]. If you answered Yes: What steps did you take? _____

E. If your answer in NO, explain why you did not submit your complaint to the prison authorities. _____

## IV.    STATEMENT OF THE CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the names of any other persons involved, dates and places of events. You may cite constitutional amendments you allege were violated, but do not give any legal arguments or cite any cases or statutes.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. (Attach additional sheets if necessary.)

1. In 1988, the Virginia Department of Corrections' Court and Legal Services' manager and staff suspended the operation of Va. Code §53.1-151 (A)(1) 1988 as it applies to Petitioner as a first-term felon and erroneously classified him ineligible for parole by envoking a provision of §53.1-151, namely sub section (B)(1), that does not apply to him, in violation of the 14th amendment protected right §53.1-151 1988 confers on petitioner to be properly considered for parole eligibility.

(See Brief IN Support Attached)

2. In 2005, the Virginia parole board, acting in a pseudo-judicial capacity as the appellet/review authority, suspended the operation of Va. Code §53.1-151 (A)(1) 1988 as it applies to petetioner as a first-term felon and envoked a provision of §53.1-151, subsection (B)(1), a provision that does not apply to him, to uphold Court and Legal Services' erroneous ineligibility classification in violation of the 14th amendment protected right §53.1-151 1988 confers on petitioner to be properly considered for parole eligibility.

(See Brief In Support Attached)

3. The Va. Department of Corrections' Court and Legal Services and the Virginia Parole Board, in first erroneously classifying petitioner ineligible for parole by disregarding the provision of law applicable to petitioner as a first-term

Statement of Claim Continued

felon, and envoking a provision of law that the defendant knew did not apply to petitioner to do so in violation of petitioner's federally protected right; and secondly in upholding this erroneous classification on the appellet level by again disregarding the applicable provision of law as it applies to petitioner and envoking a provision of law that the defendant knew does not apply to petitioner has shown gross negligence in intentionally and recklessly disregarding petitioner's federally protected right to be properly considered for parole eligibility and erroneously classified him ineligible for parole, and then upheld said classification at the appellet level.

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _BD_ [please initial]

The plaintiff wants the Court to: [check those remedies you seek]

- ✓ Award money damages in the amount of $ _2,155,000_
- ✓ Grant injunctive relief by _restricting defendants from continuing classification_
- ✓ Other _Declaratory by declaring classification unconstitutional_

## VI. PLACE OR INCARCERATION

Please list the institution at which you were incarcerated during the last six months. If you were transferred during this period, list the date (s) of transfer. Provide an address for each institution.

_Greensville Corr. Ctr. 901 Corrections Way, Jarratt VA 23870_
_Deerfield Corr. Ctr. 31360 Deerfield Dr., Capron VA 23829_

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised f their right, pursuant to 28 U.S.C. § 636 (c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

Do you consent to proceed before a U.S. Magistrate Judge? Yes [ ] No [X]. You may consent at any time; however, any early consent in encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself of herself.

Signed this _6th_ day of _March_, 20_18_

Plaintiff _Benjamin Downey_

## VIII. VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Capron, Virginia on ___03-06-18___

Plaintiff ___Benjamin Doroney___

## BRIEF IN SUPPORT

Claim 1:

Virginia's parole eligibility statute, §53.1-151, confers on Petitioner a protectable liberty interest, enforceable under fourteenth amendment, in being properly considered for parole eligibility. According to this Court, in Krawetz v. Murray, 742 F. Supp. 304 (E.D. VA 1990), referencing Franklin v. Shields, 569 F.2d 789 (4th Cir. 1977) (en banc), since the VA parole eligibility statute creates a statutory right to, and lists the criteria for, parole eligibility, and since a prisoner has a great interest in having those criteria applied correctly, this Court holds that the statute governing the manner in which a prisoner is classified for parole eligibility confers on the prisoner a liberty interest enforceable under the due process clause of the fourteenth amendment.

Petitioner's state created right was arbitrarily abrogated as a result of the Court and Legal Services division of the Department of Corrections improperly classified him to be ineligible for parole after going beyond the provision applicable to first-term felons, and utilizing a proviso of the same statute, namely subsection (B)(1) of §53.1-151, that does not apply to a first-term felon. Subsection (B)(1) is a provio of §53.1-151 that when read in conjunction with the whole law and not as an entity unto itself, that is dealing with the recidivism of individuals who are convicted of very specific

1

crimes. Pointedly, in subsection (A), paragraph 5, the law reads "For the purposes of subdivisions 2,3 and 4 of subsection A and <u>for the purposes of subsections B1 and B2, prior commitments to a correctional facility</u>. . .<u>provided the current sentencing order contains a finding of such prior commitments.</u>" My emphasis. Giving effect to the plain meaning of this language it is pellucidly clear that there must be the existence of "prior commitments," as well as a containing of those prior commitments in the current sentencing order, for the activation of the provision of subsection B1. Furthermore, petitioner offers pages from House Document 46, pages from the final report of a 1989 commission on prison and jail overcrowding where several then members of the VA legislature were on the commisssion, that lists then recent legislation that impacted prison and jail population numbers and one piece of legislation was House Bill 861. The commission stated that HB 861 mandated that any person with three separate convictions of rape, robbery, murder or the manufacturing etc... <u>if at liberty between each conviction</u>--- will not be eligible for parole. My emphasis. (See Attached). At liberty and prior commitments are synonomous. It is clear that subsection B1 does not apply to a first-term felon. The defendants' classification of petitioner entailed them suspending the operation of the law as it applies to petitioner as a first-term felon and envoking a provision that does not lawfully apply to him in order to make him ineligible for parole. Therefore, the Department of Corrections, in

classifying petitioner for eligibility for parole, can go no further than Va. Code §53.1-151 (A)(1), which sets out the requirements for parole eligibility for first-term felons. In order for subsection (B)(1) to apply, all of petitioner's robbery convictions must have been interrupted by periods of liberty. This is no the case here.

Claim 2:

The Virginia Parole Board, acting in an appellet role authorized by a 1993 amendment to §53.1-151, to review and possibily reverse ineligibility classifications made by Court and Legal pursuant to subsection (B)(1) of that same statute, upheld petitioner's ineligibility classification in 2001 stating that it was correct. As the appellet body, a pseudo-judicial position, the Board has a duty to know the law and its proper operation in order to protect the entitilement that §53.1-151 (A)(1) confers on petitioner as a first-term felon.

The Board, knowing that in 1987 House Bill 861 mandated that there be a period of "at liberty between each conviction" for subsection (B)(1)'s application, and that peteitioner's 1988 robbery convictions were not interrupted by periods of liberty, arbitrarily applied the provisions of subsection(B)(1) to petitioner and upheld his erroneous ineligibility classification.

3

Claim 3:

First, the Virginia Department of Corrections' Court and Legal Services, as the enforcing body, acting in a quasi-judicial role, to apply the provisions of Virginia's parole eligibility statute Va. Code §53.1-151 (1988) and calculate the eligibility for felons coming in to the Dept. of Corr., knew, or should have known, that in 1987 House Bill 861 mandated that there be a period of liberty between each conviction for subsection (B)(1) to apply. Court and Legal Services also knew, or should have known that it is the provision controlling parole eligibility for first-term felons, subsection (A)(1) of §53.1-151 (1988), that controls petitioner's eligibility for parole as a first-term felon to whom it assigned an FTI (Felon Term Indicator) of 1.

The intentional suspending of the law as it applies to petitioner as a first-term felon, and envoking a proviso of the law that clearly does not apply to petitioner in order to callously remove his eligibility for parole knowing that it would extend the amount of time he is incarcerated, was a grossly negligent act committed with reckless disregard for the direct harm on petitioner it would cause.

Petitioner offers as evidence of the defendants' foreknowledge that the provision controlling parole eligibility for first-term felons, Subsection (A)(1) of §53.1-151 (1988), was the provision of law applicable to petitioner, and not

4

the provision of subsection (B)(1), an October 23, 1990 in-house memorandum from the then manager of Court and Legal, Lou Ann White, explaining the Felon Term Indicator, or FTI. Ms White was the manager of Court and Legal in 1988 when petitioner was classified. (See Memo Attached). Ms. White and staff assigned petitioner an FTI of 1 which requires that the provision subsection (A)(1) be applied by them to petitioner's eligibility classification. An FTI of 1 means that Court and Legal goes no further than the provision (A)(1) to determine petitioner's eligibility for parole.

Furthermore, as the enforcing body the Court and Legal division had reason and responsibility to know that in 1987 House Bill 861 was passed and mandated that there be a period of liberty between each conviction for the application of subsection (B)(1) of §53.1-151, and to investigate to determine if petitioner had a period of at liberty between each of his 1988 convictions. He didnt. These facts would have lead a reasonable person realize that the intentional suspenscion of the law as it applies to petitioner as a first-term felon, and envoking a provision of law that does not apply to him created the direct injury of a longer period of incarceration.

Secondly, the Virginia Parole Board, as the appellet body in the case of an ineligibility classification pursuant to Va. Code §53.1-151 (B)(1) made by Court and Legal Services, knew or should have known that in 1987 House Bill 861 was passed and mandated that there be a period of liberty between each

5

conviction for the application of subsection (B)(1) of §53.1-151. The Board knew or should have known that petitioner did not have a period of liberty between his 1988 robbery convictions and thus was not subject to subsection (B)(1) being applied to him. However, upon petitioner petitioning the Board for appeal of his ineligibility classification the Board upheld said classification dispite knowing these facts. Petitioner offers as evidence that the Board was in fact aware of these facts pages from the final report to then governor, Doug Wilder, by a commission on prison and jail overcrowding entitled House Document No. 46 in 1990. This report listed then recent legislation that impacted prison and jail populations. One such piece of legislation listed is House Bill 861 in 1987, and then the commissiion goes on to state that HB 861 mandated that there be a periiod of liberty between each conviction in order for a person to be ineligible for parole pursuant to §53.1-151 (B)(1). Ms. Helen Fahey was a member of this commission along with several legislators, including the author of HB 861, Senator Gartlan. Later, in 2005, Ms Fahey was the Chairwoman of the Virginia Parole Board when petitioner appealed his ineligibility classification on the grounds that subsection (B)(1) did not apply to him as a first term-felon. Dispite sitting on this commission and knowing these facts Fahey and the rest of the Board upheld petitioner's ineligibility classification realizing that petitioner would suffer a longer period of incarceration as a

6

result of their grossly negligent act carried out intentionally and with reckless disregard for petitioner's federally protected right to be properly considered for parole eligibility. (See pages from HD 46 Attached).

CONCLUSION

The Department of Corrections' Court and Legal Services division, knowing that §53.1-151 (B)(1) (1988) did not apply to petitioner, and that petitioner enjoyed a protectable liberty interest in being properly considered for parole eligibility, as well as that petitioner was entitled to the provision governing parole eligibility for first-term felons, §53.1-151 (A)(1) (1988), operating as it applied to him as a first-term felon, showed gross negligence with its callous and reckless indifference to these federally protected rights when they maliciously classified him ineligible for parole.

The Virginia Parole Board, knowing the mandate of HB 861, and that petitioner's convictions did not meet that mandate, showed gross negligence with its callous and reckless disregard for petitioner's federally protected rights when it upheld his erroneous ineligibility classification upon his appealing said classification, inflicting the direct injury of a longer period of incarceration.

The defendants' classification of petitioner as ineligible is clearly in violation of his due process right to be properly considered for parole eligibility as the law guaranteed

7

petitioner parole eligibility after serving one fourth of his sentence or twelve years, whichever is less, as a first-term felon. The dendants went beyond the applicable provision thus suspending the operation of the law as it applied to petitioner.

## RELIEF

Petitioner seeks and prays for injunctive and declaratory relief. Specifically, an injunction restricting defendants fdrom continuing to subject petitioner to the erroneous classification, and declare said classification in violation of petitioner's federally protected 14th amendment rights. Petitioner also prays for the declaration that the civil rights violation was deliberate and grossly negligent. Petitioner seeks compensatory damages in the amount of all filing fees petitioner has paid and court costs. Petitioner also seeks $155,000 for ten years potential lost wages at minimum wage rates. Petitioner seeks punitive damages in the amount of $2,000,000.