IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



BENJAMIN DOWNEY,

    Plaintiff,

v.                         Civil Action No. 3:18CV204

JAMES PARKS, et al.,

    Defendants.

## MEMORANDUM OPINION

Benjamin Downey, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, the Court has repeatedly rejected nearly identical claims filed by Downey and thus, the Complaint (ECF No. 1) will be dismissed summarily.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours

3

& Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations and Analysis

"In August of 1988, Downey was convicted of three separate offenses of robbery and use of a firearm during commission of a felony" and was sentenced to seventy-eight years of incarceration. See Downey v. Angelone, No Civ.A 3:02cv324, 2002 WL 32443534, at *4 (E.D. Va. Oct. 28, 2002). In the Complaint here, Downey once again attacks the conclusion that, based upon these convictions, he is ineligible for parole. He names as Defendants, James Parks, the Interim Manager of Court and Legal Services, and Adrian Bennett, the Chairwoman of the Virginia Parole Board. (Compl. 1-2.) By Memorandum Opinion and Order entered on January 21, 2009, the Court rejected a nearly

4

identical claim. See Downey v. Johnson, No. 3:08CV199, 2009 WL 150667 (E.D. Va. Jan. 21, 2009), aff'd 326 F. App'x 131 (4th Cir. 2009). The Court explained as follows:

> Upon entering Virginia Department of Corrections ("VDOC") in 1988, Plaintiff was informed that he was ineligible for parole pursuant to section 53.1-151.B1 of the Code of Virginia.[2] See Downey v. Angelone, No Civ.A 3:02cv324, 2002 WL 32443534, at *4 (E.D. Va. Oct. 28, 2002). Plaintiff contends that Defendants Gene Johnson, Helen Fahey, and James Sisk have violated his constitutional rights by applying this statute to him.
> The Court has repeatedly rejected essentially identical claims by Plaintiff that his constitutional rights were violated by the determination that he was ineligible for parole under the above statute. See Downey v. Fahey, Civil Action No. 3:05cv546 (E.D. Va. Feb. 27, 2007); Downey, 2002 WL 32443524, at *4; Downey v. Angelone, Civil Action No. 3:97CV239 (E.D. Va. June 16, 1998). Therefore, Plaintiff's current complaint, which merely repeats previously litigated claims, is abusive and malicious and subject to dismissal under 28 U.S.C. § 1915(e)(2). See Downey, 2002 WL 32443534, at *4 (citing Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992)).
> Furthermore, under the pertinent statute of limitations, "Plaintiff had two years from when he learned he was ineligible for parole . . . to file any claims pertaining to the determination that he was ineligible for parole." Liverman v. Johnson, No. 3:07cv344, 2008 WL 2397544, at *2 (E.D. Va. June 12, 2008) (citing Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261-62 (11th Cir. 2003). "Each occasion thereafter that the Parole Board or the

---

[2] "Any person convicted of three separate offenses of (i) murder, (ii) rape or (iii) robbery by the presenting og firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole." Va. Code Ann. 53-1-151.B1 (Michie 1988).

5

> Defendants adhered to that parole ineligibility
> determination does not constitute separate and
> distinct injury that warrants separate statute of
> limitations calculations. Id. (citing Brown, 335 F.3d
> at 1261-62). Plaintiff's current complaint was filed
> more than two years after he learned that he was
> ineligible for parole. Hence, the action is barred by
> the statute of limitations. Nothing in the record
> suggests any proper basis to toll the limitations
> period.

Downey, 2009 WL 150667, at *2. Downey's current challenge to his parole ineligibility under section 53.1-151(A)(1) of the Virginia Code is both meritless, and untimely. As explained several times before, Downey's repeated filing of previously litigated claims is also abusive and malicious and subject to dismissal under 28 U.S.C. § 1915(e)(2).

### III. Conclusion

For the foregoing reasons, the action will be dismissed as frivolous, abusive, and malicious under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Court also notes that with this dismissal, Downey now has at least three cases that have been dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. See Downey, 2009 WL 150667, at *2; Downey, 2002 WL

6

32443534, at *4.[3] Thus, for any future complaint Downey files, he must submit the full $400 filing fee with his complaint.

The Clerk is directed to send a copy of the Memorandum Opinion to Downey.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 10, 2018
Richmond, Virginia

---

[3] The pertinent statute provides:

> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).